M. BRADLEY PETERSON and BETH A. PETERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Peterson v. Commissioner
Docket No. 18665-86.
United States Tax Court
T.C. Memo 1987-326; 1987 Tax Ct. Memo LEXIS 326; 53 T.C.M. (CCH) 1281; T.C.M. (RIA) 87326; June 29, 1987. M. Bradley Peterson and Beth A. Peterson, pro se. Stephen S. Ash, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge:[1] Respondent determined a deficiency in petitioners' 1981 income tax liability in the amount of $1,496. After concessions, the *327 issue in dispute is the deductibility of "away from home" expenses incurred by petitioner-husband M. Bradley Peterson (hereinafter petitioner). Some of the facts have been stipulated and are so found. At the time of the filing of the petition in this case, petitioners maintained an address in St. Johns, Arizona. During the taxable year 1981, petitioner was employed as a boilermaker and was a member of the boilermaker's union. The union, headquartered in Phoenix, Arizona, dispatches boilermakers to Arizona and New Mexico, which are districts under its jurisdiction. The jobs are assigned on a first on the list, first off basis, and thus petitioner had no real choice as to whether to take a particular job in a particular geographic area, other than to decline the job, in which case he would be placed on the bottom of the list. Petitioner never declined employment during the year in issue, but he testified that, if a job was not taken, a boilermaker could be out of work six to *328 eight months until his name came up again. From 1978 through 1982, petitioner's work locations and the duration of his jobs are indicated by the following table: 11/13/78 - 10/10/79
St. Johns, Arizona
11/19/79 - 3/3/80
Playas, New Mexico
3/21/80 - 10/8/80
Farmington, New Mexico
11/1/80 - 11/8/80
Farmington, New Mexico
11/17/80 - 5/22/81
Farmington, New Mexico
6/25/81 - 7/27/81
Farmington, New Mexico
7/28/81 - 2/19/82
Farmington, New Mexico
The remainder of 1982 was spent at various plants in Farmington, New Mexico, and 1983 was spent between Hayden, Arizona and Farmington, New Mexico. During 1981, all of petitioner's work assignments were in Farmington, New Mexico. Petitioner lived in a travel trailer in Farmington where he rented trailer space. Mrs. Peterson and petitioner's child remained in Tucson, Arizona, where petitioners own a home. Petitioner would visit his wife approximately every other weekend, although often Mrs. Peterson would visit petitioner in Farmington. Farmington is approximately 500 miles from Tucson. Petitioner contends that he is entitled to deduct as employee business expenses amounts attributable to meals, lodging and *329 transportation incurred while "away from home" pursuant to section 162(a)(2). [2] Respondent argues that such expenses are personal in nature, and, therefore, are not deductible. Personal expenses are ordinarily not deductible. Sec. 262. Section 162(a)(2), however, allows a deduction for all ordinary and necessary business expenses paid or incurred while away from home in the pursuit of a trade or business. [3] Whenever a taxpayer's personal residence is not located in the same vicinity as his principal place of business, such principal place of business is considered "a tax home" for purposes of section 162(a). ; ; . However, where the taxpayer's employment is considered temporary rather than indefinite in nature, [4] the taxpayer may be permitted to deduct his travel expenses, as well as certain living expenses incurred while away from his personal residence. *330 . *331 Petitioner bears the burden of proving that his employment in the Farmington, New Mexico area was temporary rather than indefinite. (8th Cir. (1985). When a taxpayer works for a variety of employers, the taxpayer's "tax home" will shift to the new employment location where the taxpayer should have anticipated an indefinite or substantially lengthy employment in the area. ; see . The duration of a taxpayer's actual employment has considerable value in assessing the taxpayer's employment prospects. . Although the record does not indicate the nature of petitioner's job prospects in the Farmington area, petitioner was in fact employed in the Farmington area from 1980 through 1983, including eleven months in 1981, a substantially long period of time. See . Accordingly, we find that petitioner's tax home was Farmington as of 1981, and thus his *332 personal and travel expenses incurred while living there are not deductible. Decision will be entered for the respondent.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue.↩
3. In order to be deductible under section 162(a)(2), travel expenses, including amounts expended for meals and lodging, must be (1) reasonable and necessary, (2) incurred while "away from home" and (3) incurred in pursuit of a trade or business. . ↩
4. Petitioner would have us apply the standard set out in , which, in determining whether employment is temporary or indefinite, focuses on whether it is reasonable to expect a taxpayer to move his permanent abode to the new location based on the reasonable probability known to him that he may be employed for a long period of time at his new station, i.e., whether it was reasonable to expect the taxpayer to move his residence so as to mitigate the burden of maintaining two homes. Although we are bound by the law of the Ninth Circuit, to which this case is appealable, , affd. , cert. denied , the Ninth Circuit has since adopted the temporary-indefinite standard as set out by the Seventh Circuit in . ; Kasun v. Commissioner,supra↩ at 1061-1062.